In re:  Case No. 16-01784-HWV

John Joseph Prokopovich, Jr.  Chapter 13

    Debtor

# CERTIFICATE OF NOTICE

District/off: 0314-5      User: AutoDocke      Page 1 of 2

Date Rcvd: Jul 16, 2021      Form ID: 3180W      Total Noticed: 14

The following symbols are used throughout this certificate:

| Symbol | Definition |
|---|---|
| + | Addresses marked '+' were corrected by inserting the ZIP, adding the last four digits to complete the zip +4, or replacing an incorrect ZIP. USPS regulations require that automation-compatible mail display the correct ZIP. |
| ++ | Addresses marked '++' were redirected to the recipient's preferred mailing address pursuant to 11 U.S.C. 342(f)/Fed.R.Bank.P.2002(g)(4). |

**Notice by first class mail was sent to the following persons/entities by the Bankruptcy Noticing Center on Jul 18, 2021:**

| Recip ID | | Recipient Name and Address |
|---|---|---|
| db | | John Joseph Prokopovich, Jr., 137 Adams St, Freeland, PA 18224-2101 |
| cr | + | Choice One Community Credit Union, 101 Hazle Street, Wilkes-Barre, PA 18702-4305 |
| 4782455 | ++ | CREDIT PROTECTION ASSOCIATION LP, PARKWAY CENTER V, 2500 DALLAS PARKWAY SUTIE 500, PLANO TX 75093-4805 address filed with court:, Credit Protection Asso, 13355 Noel Rd Ste 2100, Dallas, TX 75240-6837 |
| 4782454 | | Choice One Fcu, 101 Hazle St, Wilkes Barre, PA 18702-4305 |
| 4782457 | | KML Law Group, PC, 701 Market St Ste 5000, Philadelphia, PA 19106-1541 |
| 4782453 | | Law Offices of Jason P Provinzano LLC, 16 W Northampton St, Wilkes Barre, PA 18701-1708 |
| 4782452 | | Prokopovich John Joseph Jr, 137 Adams St, Freeland, PA 18224-2101 |
| 4782460 | | Service Electric-Hazleton, 380 Maplewood Dr, Hazle Township, PA 18202-8200 |

TOTAL: 8

**Notice by electronic transmission was sent to the following persons/entities by the Bankruptcy Noticing Center.**
Electronic transmission includes sending notices via email (Email/text and Email/PDF), and electronic data interchange (EDI). Electronic transmission is in Eastern Standard Time.

| Recip ID | | Notice Type: Email Address | Date/Time | Recipient Name and Address |
|---|---|---|---|---|
| 4782456 | + | EDI: AMINFOFP.COM | Jul 16 2021 22:53:00 | First Premier Bank, 601 S Minnesota Ave, Sioux Falls, SD 57104-4868 |
| 4803398 | | Email/Text: camanagement@mtb.com | Jul 16 2021 18:50:00 | M&T Bank, P.O. Box 840, Buffalo, NY 14240-0840 |
| 4782458 | | Email/Text: camanagement@mtb.com | Jul 16 2021 18:50:00 | M & T Bank, 1 Fountain Plz, Buffalo, NY 14203-1420 |
| 4782459 | | Email/PDF: resurgentbknotifications@resurgent.com | Jul 16 2021 18:49:08 | Pinnacle Credit Servic, PO Box 640, Hopkins, MN 55343-0640 |
| 4823323 | + | Email/PDF: resurgentbknotifications@resurgent.com | Jul 16 2021 18:49:08 | Pinnacle Credit Services, LLC its successors and, assigns as assignee of Cellco, Partnership d/b/a Verizon Wireless, Resurgent Capital Services, PO Box 10587, Greenville, SC 29603-0587 |
| 4782461 | | EDI: VERIZONCOMB.COM | Jul 16 2021 22:53:00 | VERIZON WIRELESS, 500 Technology Dr Ste 550, Weldon Spring, MO 63304-2225 |

TOTAL: 6

# BYPASSED RECIPIENTS

The following addresses were not sent this bankruptcy notice due to an undeliverable address, *duplicate of an address listed above, *P duplicate of a preferred address, or ## out of date forwarding orders with USPS.

| Recip ID | Bypass Reason | Name and Address |
|---|---|---|
| cr | | M&T Bank s/b/m Franklin First Savings Bank |

TOTAL: 1 Undeliverable, 0 Duplicate, 0 Out of date forwarding address

# NOTICE CERTIFICATION

**I, Joseph Speetjens, declare under the penalty of perjury that I have sent the attached document to the above listed entities**

in the manner shown, and prepared the Certificate of Notice and that it is true and correct to the best of my information and belief.

**Meeting of Creditor Notices only (Official Form 309): Pursuant to Fed .R. Bank. P.2002(a)(1), a notice containing the complete Social Security Number (SSN) of the debtor(s) was furnished to all parties listed. This official court copy contains the redacted SSN as required by the bankruptcy rules and the Judiciary's privacy policies.**

Date: Jul 18, 2021          Signature:          /s/Joseph Speetjens

## CM/ECF NOTICE OF ELECTRONIC FILING

**The following persons/entities were sent notice through the court's CM/ECF electronic mail (Email) system on July 16, 2021 at the address(es) listed below:**

| Name | Email Address |
|---|---|
| Jack N Zaharopoulos (Trustee) | TWecf@pamd13trustee.com |
| James Warmbrodt | on behalf of Creditor M&T Bank bkgroup@kmllawgroup.com |
| James Peter Valecko | on behalf of Creditor Choice One Community Credit Union jvalecko@weltman.com  PitEcf@weltman.com |
| Jason Paul Provinzano | on behalf of Debtor 1 John Joseph Prokopovich Jr. MyLawyer@JPPLaw.com, G17727@notify.cincompass.com |
| Joshua I Goldman | on behalf of Creditor M&T Bank josh.goldman@padgettlawgroup.com  angelica.reyes@padgettlawgroup.com |
| Rebecca Ann Solarz | on behalf of Creditor M&T Bank bkgroup@kmllawgroup.com |
| Thomas I Puleo | on behalf of Creditor M&T Bank tpuleo@kmllawgroup.com  bkgroup@kmllawgroup.com |
| United States Trustee | ustpregion03.ha.ecf@usdoj.gov |

TOTAL: 8

| Information to identify the case: | | |
|---|---|---|
| **Debtor 1** | John Joseph Prokopovich Jr.<br>First Name   Middle Name   Last Name | Social Security number or ITIN   xxx–xx–2490<br>EIN   __–_____ |
| **Debtor 2**<br>(Spouse, if filing) | First Name   Middle Name   Last Name | Social Security number or ITIN   ____<br>EIN   __–_____ |
| United States Bankruptcy Court | Middle District of Pennsylvania | |
| Case number: | 5:16–bk–01784–HWV | |

# Order of Discharge 12/18

**IT IS ORDERED:** A discharge under 11 U.S.C. § 1328(a) is granted to:

John Joseph Prokopovich Jr.
aka John J. Prokopovich, aka John J. Prokopovich Jr., aka John Prokopovich

**By the court:**

*Henry W. Van Eck*

7/16/21

Honorable Henry W. Van Eck
Chief Bankruptcy Judge
By: ChristopherGambini, Deputy Clerk

---

**Explanation of Bankruptcy Discharge in a Chapter 13 Case**

This order does not close or dismiss the case.

**Creditors cannot collect discharged debts**
This order means that no one may make any attempt to collect a discharged debt from the debtors personally. For example, creditors cannot sue, garnish wages, assert a deficiency, or otherwise try to collect from the debtors personally on discharged debts. Creditors cannot contact the debtors by mail, phone, or otherwise in any attempt to collect the debt personally. Creditors who violate this order can be required to pay debtors damages and attorney's fees.

However, a creditor with a lien may enforce a claim against the debtors' property subject to that lien unless the lien was avoided or eliminated. For example, a creditor may have the right to foreclose a home mortgage or repossess an automobile.

This order does not prevent debtors from paying any debt voluntarily. 11 U.S.C. § 524(f).

**Most debts are discharged**
Most debts are covered by the discharge, but not all. Generally, a discharge removes the debtors' personal liability for debts provided for by the chapter 13 plan.

In a case involving community property: Special rules protect certain community property owned by the debtor's spouse, even if that spouse did not file a bankruptcy case.

**Some debts are not discharged**
Examples of debts that are not discharged are:

♦ debts that are domestic support obligations;

♦ debts for most student loans;

♦ debts for certain types of taxes specified in 11 U.S.C. §§ 507(a)(8)( C), 523(a)(1)(B), or 523(a)(1)(C) to the extent not paid in full under the plan;

- debts that the bankruptcy court has decided or will decide are not discharged in this bankruptcy case;

- debts for restitution, or a criminal fine, included in a sentence on debtor's criminal conviction;

- some debts which the debtors did not properly list;

- debts provided for under 11 U.S.C. § 1322(b)(5) and on which the last payment or other transfer is due after the date on which the final payment under the plan was due;

- debts for certain consumer purchases made after the bankruptcy case was filed if obtaining the trustee's prior approval of incurring the debt was practicable but was not obtained;

- debts for restitution, or damages, awarded in a civil action against the debtor as a result of malicious or willful injury by the debtor that caused personal injury to an individual or the death of an individual; and

- debts for death or personal injury caused by operating a vehicle while intoxicated.

In addition, this discharge does not stop creditors from collecting from anyone else who is also liable on the debt, such as an insurance company or a person who cosigned or guaranteed a loan.

**This information is only a general summary of a chapter 13 discharge; some exceptions exist. Because the law is complicated, you should consult an attorney to determine the exact effect of the discharge in this case.**